UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
RALPHE LOPEZ and GUILLERMO URIZAR

                    Plaintiffs,         **COMPLAINT**

                                           **Docket No.:**

        -against-

                                           Jury Trial Demanded

POKO-ST.ANNS L.P. and
RICHARD OLSON, Individually,

                    Defendants.
-------------------------------------------------------------------X

        RALPHE LOPEZ ("Lopez") and GUILLERMO URIZAR ("Urizar") (collectively "Plaintiffs"), by and through their attorneys, JOSEPH & NORINSBERG, LLC, as and for their Complaint against POKO-ST.ANNS L.P (the "Poko"), and RICHARD OLSON, Individually ("Olson"), (collectively as "Defendants"), allege upon personal knowledge as to themselves and their own actions, and upon information and belief as to all other matters, as follows:

## NATURE OF CASE

        1.     This is a civil action based upon violations that the Defendants committed of Plaintiffs' rights guaranteed to them by: the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the FLSA's minimum wage provisions, 29 U.S.C. § 206(a); (iii) the overtime provisions of the New York Labor Law ("NYLL"), N.Y. Lab. Law § 160; N.Y. Comp. Codes R. & Regs. ("NYCCRR") Tit. 12, § 142-2.2; (iv) the NYLL's minimum wage provisions, N.Y. Lab. Law § 652(1); (v) the requirement that employees furnish employees with a wage notice at the time of hiring, and on an annual basis, containing specific categories of information under the NYLL § 195(1); (vi) the requirement that employers not make unlawful

deductions from wages of an employee under the NYLL § 193; (vii) the anti-gender discrimination and sexual harassment provisions of the New York City Human Rights Law § 290 *et seq.* (the "NYCHRL");(viii) The New York Wage Theft Prevention Act ("NYWTPA") and (ix) any other claim(s) for relief that can be inferred from the facts set forth herein.

2.     Plaintiff Lopez commenced his employment with Defendants in November 2005 as a superintendent, and worked in that capacity until he was terminated March 5, 2015.  Plaintiff Urizar commenced his employment with Defendants in May 2000 as a superintendent, and worked in that capacity until he was terminated in September 2014.  Throughout Plaintiff's employment, Poko required them to work, and they did in fact work, over forty hours each week.  Plaintiff Lopez consistently worked approximately sixty-four and one-half hours each week. Plaintiff Urizar consistently worked approximately forty-eight and one-half hours each week. Poko did not, however, compensate either Plaintiff at any rate, let alone the statutorily required overtime rate of one and one-half times their regular rate of pay for all hours worked per week in excess of forty hours each week, as required by the FLSA, the NYLL, and the NYCCRR.  Additionally, Poko failed to compensate Plaintiffs at any rate of pay, including minimum wage, for all of his hours worked in violation of the FLSA, NYLL, and the NYCCRR.  Further, Defendants unlawfully deducted wages in violation of NYLL's Section 193.

3.     In addition, Poko violated the New York Wage Theft Prevention Act and  failed to provide Plaintiffs with a wage notice at the time of their hire or on an annual basis containing any of the following information:  i) Plaintiffs' rates of pay and basis thereof; ii) whether Plaintiffs were paid by the hour, shift, day, week, salary, piece, commission, or other; iii) whether any allowances are claimed as part of the minimum wage; iv) the regular pay day designated by Poko;

v) the name and physical addresses of Poko; vi) any "doing business as" names used by the employer; and vii) Poko's mailing address(es) and telephone number(s).

4.      Plaintiffs also bring this action to seek redress for the Defendants' egregious gender discrimination in the form of hostile work environment sexual harassment, and retaliation, which culminated in Plaintiffs' termination.  Plaintiffs also bring this action for the acts of retaliation that Defendants took against them after they had complained about the sexual harassment that they had experienced on the job.

## JURISDICTION AND VENUE

5.      The Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et. seq*. The supplemental jurisdiction of the Court is invoked pursuant to pursuant to 28 U.S.C. § 1367 over all state law claims.

6.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) (2), as all actions comprising the claims for relief occurred within this judicial district, and pursuant to 28 U.S.C. § 1391(b) (1), as one or more of the Defendants reside within this judicial district.

## PARTIES

7.      At all relevant times herein, Lopez is a resident of the State of New York and is a "person" and an "employee" entitled to protection as defined by the FLSA, NYLL, NYWTPA, NYCCRR, and the NYCHRL.

8.      At all relevant times herein, Urizar is a resident of the State of New York and is a "person" and an "employee" entitled to protection as defined by the FLSA, NYLL, NYWTPA, NYCCRR, and the NYCHRL.

9.     At all relevant times herein, Poko is a domestic limited partnership with its principal place of business located at 225 Westchester Avenue, in the City of Port Chester, and the State of New York.

10.    At all relevant times herein, Defendant Olson is a citizen of New York, resides in New York, and is the Chief Operating Officer of Poko, who maintains his primary office at Poko's address listed in the preceding paragraph, and who was Plaintiffs' direct supervisor at all relevant times.

11.    At all relevant times herein, both Defendants are "employers" and "persons" within the meaning of the FLSA, NYLL and NYCCRR.  Additionally, the Defendants' qualifying annual business exceeds $500,000.00, and the Defendants are engaged in interstate commerce within the meaning of the FLSA, because they advertise to potential tenants, and rent apartments to tenants from states other than New York.  This independently subjects the Defendants to the FLSA's overtime requirements.  Finally, Defendants are an "employer" that "employs" four or more "employees" within the meaning of the NYCHRL; both Defendants are "persons" within the meaning of the NYCHRL.

## BACKGROUND FACTS

### Defendants' Unlawful Wage Practices

12.    At all times material hereto, Plaintiffs were performing their duties for the benefit of and on behalf of Defendants.

13.    Defendants hired Lopez in November 2005 and paid him at a rate of $12.50 per hour.

14.    Defendants hired Lopez as the residential janitor of 518 East 139th Street, Bronx New York, 10454 and Lopez resided in the basement Apt. at said location.

15. Defendants hired Lopez as the non-residential janitor of 510 East 139th Street, Bronx New York 10454.

16. Lastly, Defendants also hired Lopez to provide maintenance and repair services for 225 St. Ann's, Bronx New York 10454, which was located over 200 feet from the building where Lopez resided as a residential janitor.

17. Lopez spent approximately one third of his hours working at 225 St. Ann's Bronx New York 10454.

18. At all times relevant, Lopez's job consisted of general maintenance, cleaning, and trash removal from outside and common areas

19. In or about 2009 until 2013, Defendants increased Lopez's rate of pay to $12.50 per hour.

20. In or around 2013, Defendants raised Lopez's rate of pay to 13.75 per hour.

21. In or around October 2014, Defendants increased Lopez's hourly rate to 22.50/hr.

22. In or around October of 2014, Defendants also increased the number of buildings in which Lopez provided repair, maintenance and janitorial services to include 278 St. Ann's, 282 St. Ann's and 605 East 138 th Street, all of these buildings are located in Bronx New York, in zip code 10454. And all of these buildings are located at a distance of over 200 feet, from the building Lopez worked as a residential janitor.

23. From October of 2014, until Defendant Olson wrongfully terminated him in March of 2015, as described in more detail below, Lopez spent over 70% of his time each week, working at the 225 St. Ann's, 278 St. Ann's, 282 St. Ann's and 605 East 138 th Street buildings.

24. Throughout Lopez's employment, Defendants required Lopez to work seven days each week, Monday through Friday from 7:00 a.m. to 6:30 p.m. with a thirty-minute lunch break,

and Saturdays and Sunday from 7:00 a.m. to 11:30 a.m.  Thus, Defendants required Lopez to work, and Lopez did in fact work, a total of sixty-four and one-half hours each week.

25.     Defendants were aware of all of the hours Lopez worked, however, Defendant Olson instructed him to only record the first forty hours he worked on his time sheet.

26.     For each week of work throughout Lopez's employment, Defendants only paid his hourly rate for the first forty hours that he worked each week.  Defendants did not compensate Lopez at any rate of pay, including minimum wage, his regular rate, or the statutorily-mandated rate of one and one-half his straight-time hourly rate of pay, for any hours that he worked each week in excess of forty hours.

27.     Defendants hired Urizar in May 2000 and paid him at a rate of $7.50 per hour.

28.     By the year 2009, Defendants had increased Urizar's rate of pay to an hourly rate of $11.80/hr. and that remained his hourly rate until he was unlawfully terminated in October of 2014.

29.     Urizar worked for Defendants as a residential janitor and a general maintenance and repair man in Defendants' buildings.

30.     Specifically, throughout his employment, Urizar worked as a residential janitor in the building located at 605 E. 138th St., Bronx New York 10464.

31.     Urizar also worked, throughout his employment as a general maintenance and repair man in Defendants' buildings located at 225 St. Ann's Ave., and 282 St. Ann's Ave., Bronx, New York, 10464, both of which are located over 200 feet from the building in which Urizar worked as a residential janitor.

32.     Urizar spent over 60 percent of his time working at the buildings in which he was not a residential janitor and simply a general maintenance and repair man.

6

33.     Urizar worked for Defendants until Defendant Olson wrongfully terminated Urizar in September 2014, for reasons set forth below.

34.     Throughout Urizar's employment, Defendants required Urizar to work seven days each week, Monday through Friday from 8:00 a.m. to 5: 00 p.m. with thirty-minute lunch break, and Saturday from 7:00 a.m. to 10:00 a.m. and Sunday from 7:00 a.m. to 10: 00 a.m. and 5:00 p.m. to 7:00 p.m.  Thus, Defendants required Urizar to work, and Urizar did in fact work, a total of forty eight and one-half hours each week.

35.     Defendants were aware of all of Urizar's hours worked, however, Defendant Olson instructed him to only record the first forty hours he worked on his time sheet.

36.     For each week of work throughout his employment, Defendants only paid Urizar his hourly rate for the first forty hours that he worked each week.  Defendants did not compensate Urizar at any rate of pay, including minimum wage, his regular rate, or the statutorily-mandated rate of one and one-half his straight-time hourly rate of pay, for any hours that he worked each week in excess of forty.

37.     The Defendants' failure to pay both Lopez and Urizar in accordance with the FLSA, NYLL, and NYCCRR was flagrant and willful.  In fact, when Plaintiffs alerted Defendant Olson of the excessive amount of hours they worked and complained that they did not receive and overtime rate for those hours, Defendant Olson *expressly instructed* them to only record the first forty hours that they worked on their time sheets.

38.     In addition, Defendants engaged in unlawful wage practices and policies whereby unlawful deductions were made from wages.

39.     The unlawful deductions included fines from the Environmental Control Board of the City of New York levied against Defendants.

40.     Specifically, when Defendants received a violation from the Environmental Control Board for failure to properly dispose of trash, Defendants deducted the amount of the fine from Plaintiffs pay.

41.     Defendants acted in this willful and deliberate manner in an effort to maximize their profits and minimize labor costs.

42.     Furthermore, when Defendants paid Plaintiffs, they intentionally did not furnish Plaintiffs with a statement that accurately listed all of the following: i) the dates of work covered by the payment; ii) Plaintiffs' names; iii) Defendants' name; iv) Defendants' address and phone number; v) Plaintiffs' hourly rates of pay; vi) Plaintiffs' overtime rates of pay; and vii) the basis for computing Plaintiffs' rates of pay.

**Defendant's Sexual Harassment and Unlawful Retaliation**

43.     In or about September 2014 Defendants hired Neal Lorberbaum ("Lorberbaum"), an openly gay male, to supervise Plaintiffs.

44.     On several occasions in or around September of 2014, Lorberbaum made inappropriate sexual advances toward Plaintiff Urizar, stroking his hair and caressing his shoulders while expressing how he liked Plaintiff Urizar's curly hair.

45.     Plaintiff Urizar immediately complained to Defendants about Lorberbaum's inappropriate touching of him.  Instead of holding Lorberbaum accountable for his unlawful actions, Defendants wrongfully terminated Urizar in retaliation for engaging in protected activity.

46.     In December 2014 at Defendants' holiday party, Lorberbaum also made inappropriate sexual advances towards Lopez.  Specifically, Lorberbaum told Lopez he "wanted to rub his bald head."  Further, Lorberbaum approached Lopez from behind and pressed his groin area against Lopez's buttocks.

47.     The very next day Lopez complained to Defendants about Lorberbaum's sexual harassment of him.  Shortly thereafter, Defendants also wrongfully terminated Lopez in retaliation for engaging in protected activity.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime under the FLSA*

48.     Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

49.     29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate for any hours exceeding forty in a workweek.

50.     As described above, both Defendants are "employers" within the meaning of the FLSA while Plaintiffs are "employees" within the meaning of the FLSA.

51.     As also described above, Plaintiffs routinely worked in excess of forty hours each week, yet the Defendants failed to compensate Plaintiffs in accordance with the FLSA's overtime provisions.

52.     The Defendants' actions were in willful violation of the FLSA.

53.     Plaintiffs are entitled to the difference between those amounts that the Defendants paid to them, and the compensation that they were legally due under the FLSA's overtime provisions.

54.     Plaintiffs are also entitled to liquidated damages and attorneys' fees for the Defendants' violation of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
### Unpaid Overtime Under the NYLL and NYWTPA

55.     Plaintiffs, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

56.     Plaintiffs, were required to work in excess of forty (40) hours per week without being compensated for those hours at the statutorily required rate of one and a half (1 ½) times their regular rate of pay.

57.     These practices were willful and lasted for the duration of all relevant time periods.

58.     These practices were and are in violation of Labor Law §§ 650 *et seq*. and NYWTPA.

### THIRD CLAIM AGAINST DEFENDANTS
Failure to Provide Proper Wage Statements in Violation
of the New York Labor Law § 195 and the NYWTPA

59.     Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

60.      New York Labor Law §195 (3) and the NYWTPA requires that employers furnish employees with wage statements containing specific enumerated criteria on each occasion when the employer pays wages to the employee.

61.     Defendants did not issue accurate pay stubs to the Plaintiffs in violation of New York Labor Law §195 (3) and the NYWTPA.

62.     Specifically, Plaintiffs were not given pay stubs which accurately reflected the number of overtime hours that they worked.

63.     This practice was and is willful and in violation of New York Labor Law § 195 (3) and the NWTPA.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unlawful Deductions in Violation of NYLL §193 and 12 N.Y.C.R.R. §142-2.10*

64.     Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

65.     N.Y. Lab. Law § 193(1) and 12 N.Y.C.R.R. §142-2.10 prohibit employers from making any deductions from an employee's wages except for those permitted by law.

66.     Defendants made unlawful deductions from Plaintiffs wages when Defendants were levied fines by the City of New York's Environmental Control Board.

67.     Defendants did not make said deductions in accordance with the provisions of any law or any rule or regulation issued by any governmental agency. Moreover, Plaintiffs did not expressly authorize Defendants in writing to make said deductions, and said deduction were not for the benefit of Plaintiffs.

68.     As described above, Defendants knowingly, intentionally and willfully made unlawful deductions from Plaintiffs' wages in violation of the NYLL and N.Y.C.R.R.

69.     For their willful violations of the NYLL, Plaintiffs are entitled to recover from Defendants their unpaid wages, attorneys' fees, liquidated damages, and pre-judgment and post-judgment interest.

## FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Discrimination and Harassment in Violation of the NYCHRL*

70.     Plaintiffs repeat, re-iterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

71.     The NYCHRL forbids any employer or agent thereof from discriminating against an employee on account of that employee's gender and/or sex.

72.     Defendants are "employers" and "persons," and Plaintiffs are employees within the meaning of the NYCHRL.

73.     Plaintiffs, at all times were otherwise qualified for their jobs and were able to complete the essential functions of their positions.

11

74.     AIS, as described above, discriminated against Plaintiff in violation of the NYCHRL

on the basis of their sex and/or gender by subjecting Plaintiff to sexual harassment in the form of a

hostile work environment as a direct and proximate result of Defendants' unlawful discriminatory

conduct in violation of the NYCHRL

75.     By reason of the foregoing, Plaintiffs have been damaged in a sum, which exceeds

the jurisdictional limits of all lower courts, which might otherwise have jurisdiction.

## SIXTH CLAIM FOR RELIEF AGIANST DEFENDANTS
### *Retaliation in Violation of the NYCHRL*

76.     Plaintiffs repeat, re-iterate, and re-allege each and every allegation set forth above

with the same force and effect as if more fully set forth herein.

77.     The NYCHRL prevents any person from retaliating against an employee who

engages in protected activity under the statute.

78.     Defendants are "employers" and "persons," and Plaintiffs are employees within the

meaning of the NYCHRL. As described above, Defendants retaliated against Plaintiffs in violation

of the NYCHRL be terminating Plaintiffs' employment due to, or at least motivated by,  Plaintiffs

engaging in the protected activity of complaining and objecting to Lorberbaum's sexual harassment

of  Plaintiffs.

79.     As a direct and proximate result of Defendants' unlawful retaliatory conduct in

violation of the NYCHRL, Plaintiffs have suffered and continues to suffer monetary and/or

economic damages, including, but not limited to, loss of future income, compensation and benefits,

mental anguish and emotional distress, loss of self-esteem and self-confidence, and emotional pain

and suffering for which she is entitled to an award of monetary damages and other relief.

## DEMAND FOR A JURY TRIAL

80.     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment against Defendants as follows:

a.      A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned United States and New York State laws;

b.      An order restraining Defendants from any retaliation against Plaintiffs for participation in any form in this litigation;

c.      All damages that Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiffs would have received but for the Defendants' conduct;

d.      Liquidated damages and any other statutory penalties as recoverable under the FLSA and New York Labor Law;

e.      All damages recoverable due to the Defendants' unlawful retaliatory conduct, including but not limited to any compensatory damages that these actions have caused Plaintiffs and punitive damages.

f.      Awarding Plaintiffs costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs;

g.      Pre-judgment and post-judgment interest, as provided by law; and

h.      Granting Plaintiffs other and further relief as this Court finds necessary and proper.

Dated:  New York, New York
        June 25, 2015

                              Respectfully submitted,
                              Joseph & Norinsberg, LLC
                              *Attorneys for Plaintiffs*
                              225 Broadway, Suite 2700
                              New York, New York 10007
                              (212) 791-5396


                    By:   _____
                          BENNITA L. JOSEPH (BLJ 1064)